tract by which such damage was to be borne by the contractor. The view taken of the contract by the learned counsel for the corporation is erroneous. He seems to think that the contractor bound himself to do no more than to be responsible for all loss or damage which he might do, and to make no claim against the city for loss or damage which he might sustain by the unforeseen and unusual difficulty of the work. This is not, as suggested, a correct view of the obligation assumed. The city makes the contract with reference to existing things and unforeseen difficulties, and not only covers the charge for extra work which might be presented by the contractor arising from them, but also claims which might, by his performance of the work, be made upon it for damage done. He has, as suggested, the opportunity to learn of the existing things, such as pipes or mains for gas, on the line of the improvement, and to protect himself against unforeseen difficulties by demanding *in limine* sufficient indemnity. For these reasons it appears that the allowance objected to should not have been included in the assessment."

*Irving Ward*, for the appellants.  *J. A. Beall*, for the respondent, the city of New York.

Opinion by BRADY, P. J. ; INGALLS and DANIELS, JJ., concurred.

Order reversed.

---

SIMON STERNE, RESPONDENT, v. CHARLES GOEP AS ADMINISTRATOR, ETC., OF MAX GOEP, DECEASED, APPELLANT.

*Dissolution of a firm of lawyers, by the death of one of them — duty of the survivor as to carrying on pending litigations, without charge, for the benefit of the estate of the deceased.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The plaintiff and the defendant's intestate were partners in the practice of the law, both being attorneys and counselors at law. There were no written articles of partnership between them,

but a general oral agreement for an equality of interest in the business to be transacted by them. The partnership was terminated by the death of defendant's intestate. A number of suits were at the time of his death pending and undetermined, in which the firm had been employed and which they were prosecuting or defending as attorneys and counselors.

This action was brought to compel the specific performance of a written agreement by which, in consideration of a sum named, the defendant agreed to relieve the plaintiff from all claims of the estate growing out of said partnership.

The court, at General Term, said : " In commercial partnerships there is little difficulty in determining the rights of a surviving partner and of the representatives of a deceased partner, where the partnership is terminated by death. The survivor takes the assets of the firm, and is entitled to dispose of them by sale, and collect all outstanding debts and apply the proceeds to the payment of the debts of the firm, and he must account for the surplus to and with the representatives of the deceased partner ; but he is entitled to no compensation for services as against the estate of such deceased partner, unless the same be stipulated for in the articles of co-partnership. He is not, however, bound to continue and carry on the business of the firm, devoting his personal services thereto for the benefit of his deceased partner's estate. His obligations are rather to close up and terminate the business in the most convenient practicable mode, with due regard to the rights and interests of creditors, and of his deceased partner's estate as well as of himself.

" Whether the same rules apply to a partnership between lawyers, where the profits of the firm are the product solely of professional skill and labor need not now be discussed. It would seem, however, to be a harsh rule which would require the surviving partner of a law firm to take upon himself, solely, the conduct of all pending litigations in the office at the time of his partner's decease, and devote his professional skill and labor through a possible period of years to the conducting and closing up of such litigations, for the benefit equally of the estate of his deceased partner, and with the obligation ultimately to account to his representatives for an equal share of all the profits or results

so earned. It would seem that equity might discern some juster rule by which to ascertain and determine the rights of the parties in such a case.

" But whatever may be the strict legal rights of the survivor and the representative in such a partnership, it is clearly manifest that the case is one eminently proper for any just and fair agreement between the survivor and the representative which shall ascertain and settle their respective rights.

The question in this case before the learned referee was whether such an agreement was made, in such form and manner, and under such circumstances, that a court of equity could recognize and enforce it. We concur with him that the proof in the case satisfactorily established that a fair and reasonable agreement was made, and that the administrator received the full consideration of such agreement according to its substantial requirements, and that he was not at liberty to repudiate and abandon it without clear evidence establishing fraud or bad faith on the part of the surviving partner.

*W. T. B. Milliken*, for the appellant. *Wm. H. Scott*, for the respondent.

Opinion by Davis, P. J., Brady and Barrett, JJ., concurred.

Judgment affirmed, with costs.

---

FREDERICK HUMPHREYS, Appellant, *v.* FRANCIS W. HURTT, Respondent.

*Written contract — action to reform — what must be shown to maintain such action.*

Appeal from a judgment in favor of the defendant, entered upon the report of James W. Girard, Esq., sole referee.

The action was brought to reform and correct a written agreement, entered into between the plaintiff and the defendant, and for certain other relief incidental thereto.

The court, at General Term, said : " This case required and has received a very careful examination of extremely voluminous and